UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANDRE HORN,

                Plaintiff,             **MEMORANDUM & ORDER**
                                                                      25-CV-101 (NRM) (CLP)

                -v-

NEW YORK POLICE DEPARTMENT;
COMMANDER WALCH; OFFICER
MANERA; A. SMITH; D. ALEXIS;
JOHN DOE,

                Defendants.
----------------------------------------------------------x
NINA R. MORRISON, United States District Judge:

Plaintiff Andre Horn brings this *pro se* alleging violations of his civil rights under 42 U.S.C. § 1983. ECF No. 1. Plaintiff's request to proceed *in forma pauperis* is granted. ECF No. 2. For the reasons discussed below, the Complaint is dismissed, and Plaintiff is granted thirty days to file an Amended Complaint.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful

that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## BACKGROUND

Plaintiff alleges that on November 8, 2018, while sitting in his car on Surf Avenue in Coney Island, six NYPD officers from the 60th Precinct forcibly dragged him from his vehicle, threw him to the ground, and assaulted him, causing excruciating pain on his spine. ECF No. 1 at 1. He states that he was also punched and kneed by several officers, including one he identifies as Officer Manera, before being taken to the 60th Precinct. *Id.* Plaintiff was later arraigned and remanded to Rikers Island on $1,000.00 bail. *Id.* at 1–2. He states that he was held at Rikers Island for over thirty days, and while there, he was briefly transferred to Nassau County on an old warrant, but the case there was ultimately dropped and dismissed. *Id.* at 2. Plaintiff further asserts that because he was unable to reach family or friends from Rikers Island, he felt he felt coerced into pleading guilty in order to be

released. *Id*. He was sentenced on July 11, 2019, to three years of probation and credited with 33 days already served. *Id*. at 2–3.

Once on probation, Plaintiff alleges that probation officers, including "Jane Doe" supervisor and Officer Smith, improperly forced him to report to their office twice a week during the COVID-19 shutdown and attempted to have him jailed for minor violations. *Id*. at 3. According to Plaintiff, he was falsely arrested and charged with criminal possession of a controlled substance when officers mistook white LifeSaver candies for crack cocaine. *Id*. Plaintiff does not state the date of that arrest, but asserts that on January 7, 2021, a violation of probation was issued against him, and he appeared in court several times before his attorney advised him that he no longer needed to report to probation. *Id*.

Plaintiff then filed this lawsuit, seeking money damages, against the New York Police Department ("NYPD") and several individual members of the NYPD. *Id*. at 4.

## DISCUSSION

I.  **Section 1983**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it

describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

## II. Claims Against NYPD

To the extent Plaintiff seeks to bring a claim against the NYPD, the claim fails because as an agency of the City of New York, the NYPD is not a suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law should be brought *in the name of the city of New York* and not in that of any agency, except where otherwise provided by law." New York City Charter, Ch. 17, § 396 (emphasis supplied); *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (noting that the NYPD is an organizational subdivision of the City of New York and as such is not a suable entity); *Slade v. City of New York*, No. 24-CV-6711, 2024 WL 5057647, at *3 (E.D.N.Y. Dec. 10, 2024) (same).

Therefore, because Plaintiff sued the NYPD and not the City of New York, Plaintiff's claims against the NYPD are dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

## III. Statute of Limitations

To the extent Plaintiff seeks to bring claims for false arrest and excessive force against individual defendants arising from an arrest that he alleges occurred on November 8, 2018, those claims are time-barred. Section 1983 actions filed in New York are subject to a three-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249–51 (1989); *Steinbergin v. City of New York*, No. 21-CV-536, 2022 WL

1231709, at *2 (2d Cir. Apr. 27, 2022); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Grant v. ASPCA*, No. 22-CV-775, 2022 WL 2669926, at *2 (E.D.N.Y. July 11, 2022). A claim that a person was falsely arrested in violation of the Fourth Amendment, where criminal proceedings follow the arrest, "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Jones v. City of New York*, 846 Fed. App'x. 22, 23 (2d Cir. 2021) (summary order); *Livingston v. Mejia*, No. 20-CIV.-2009, 2022 WL 976808, at *4 (S.D.N.Y. Mar. 31, 2022) (noting that Plaintiff's false arrest and false imprisonment claims under Section 1983 are time-barred because he initiated an action over three years after his arraignment). An excessive force claim "accrues when the use of force occurred." *Wharton v. Cnty. of Nassau*, No. 07-CV-2137, 2010 WL 3749077, at *9 (E.D.N.Y. Sept. 20, 2010) (citing *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).

Plaintiff filed the instant action on January 3, 2025, more than six years after the date that he says he was wrongly arrested and arraigned. His claims must therefore be dismissed as untimely, unless he can show that equitable tolling applies. New York allows for equitable tolling, but it is "applied only in 'rare and exceptional circumstances,' where a party was prevented from timely performing a required act and where that party 'acted with reasonable diligence throughout the period he sought to toll.'" *Jones*, 846 Fed. App'x. at 24 (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)); *Philips v. Smith*, No. 19-CV-2019, 2021 WL 4224957, at *4 (S.D.N.Y. Sept. 15, 2021). Plaintiff has not alleged a basis for equitable tolling. *See,*

*e.g., Bailey v. Grant*, No. 24-CV-6044, 2024 WL 4836340, at *1 (E.D.N.Y. Nov. 20, 2024) (dismissing plaintiff's complaint as time-barred where he filed his claim for false arrest beyond the three-year statute of limitations and failed to allege a basis for equitable tolling).

## LEAVE TO AMEND

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *accord Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). In light of this Court's duty to liberally construe *pro se* complaints, the Court will allow Plaintiff an additional thirty days from the date of this order to file an Amended Complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000). Pursuant to Rule 8, Plaintiff must set forth a short, plain statement of the relevant facts to support his claims. *Iqbal*, 556 U.S. at 678.

Should Plaintiff elect to file an Amended Complaint, he should describe what each named individual defendant or defendants did or did not do, and how each defendant caused him injury, and only name defendants that were personally involved. Plaintiff must identify the defendants in both the caption and the body of the Amended Complaint. Plaintiff must also provide the dates and locations for each relevant event. Because he has alleged that the events in question occurred more than six years ago, the Amended Complaint must also state whether Plaintiff has a

basis for equitable tolling of the three-year statute of limitations period for Section 1983 claims, and, if so, what that basis is.

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed. 28 U.S.C. §§ 1915(e)(2)(B). Plaintiff is granted until 30 days from the date of this order to file an Amended Complaint, if he chooses to do so.

Any Amended Complaint will completely replace, not supplement, the Original Complaint. The Amended Complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Memorandum and Order: 25-CV-101 (NRM) (CLP).

Any Amended Complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed. If Plaintiff fails to amend the Complaint, or cure the deficiencies discussed herein, judgment shall be entered.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, along with a civil rights complaint form, and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

*/s/ Nina R. Morrison*

                                                                    NINA R. MORRISON
                                                                    United States District Judge

Dated:       October 27, 2025
                Brooklyn, New York